```
           UNITED STATES DISTRICT COURT
           NORTHERN DISTRICT OF FLORIDA
               PANAMA CITY DIVISION
```

WESLEY ODOM,

    Plaintiff,

v.                                    Case No. 3:11-cv-00075-RS-MD

MORGAN STANLEY SMITH BARNEY, LLC;
and CITIGROUP INC.,

    Defendants.

_____/

## AMENDED COMPLAINT

Plaintiff, Wesley Odom ("Odom"), pursuant to the Court's Order dated July 22, 2011 (D.E. 40), submits this Amended Complaint against defendants, Morgan Stanley Smith Barney, LLC and Citigroup Inc.[1]

1.   Odom is an individual residing in Pensacola, Florida. Odom graduated from Vanderbilt University in 1988 and thereafter served in the United States Navy for 11 years (almost 4 years of active duty and 7 years in the reserves).

2.   Morgan Stanley Smith Barney, LLC is a limited liability company and the successor in interest to Smith Barney Asset Management, LLC.

---

[1] Counts III-VI of Mr. Odom's original Complaint have been transferred for pretrial proceedings to the United States District Court for the Southern District of New York. In its July 22, 2011 Order, the Court required Mr. Odom to submit an amended pleading omitting the allegations relating to those counts in order to avoid confusion. By omitting the allegations relating to Counts III-VI from this document, Mr. Odom is in no way waiving, releasing, abandoning or otherwise foregoing his right to pursue those claims.

3. Citigroup Inc. is a Delaware corporation with its principal place of business in New York, New York.

4. This Court has jurisdiction pursuant to 28 U.S.C. secs. 1331, 1332 and 1367.

5. From 1992 through 2009, Odom was employed by Smith Barney Asset Management, LLC ("Smith Barney") or its successor corporations as a financial advisor.

6. During Odom's employment, Smith Barney was one of various affiliates of Citigroup Inc. ("Citi") that sponsored and managed investment funds sold by Citi. At all pertinent times, Smith Barney was part of Citigroup Asset Management ("CAM"), a business unit of Citi that provides investment advisory and management services for Citi-sponsored funds.

7. At all pertinent times, Citi owned 100% of Smith Barney's membership interests and Smith Barney's earnings were reported on Citi's balance sheets and financial statements.

8. At all pertinent times, Citi controlled Smith Barney through a unified and interlocking management structure. Specifically, Odom's supervisor was Helene Botos. Ms. Botos, in turn, reported to Mike Marciniak, a Smith Barney Regional Director in Sarasota. Mr. Marciniak, in turn, reported to Kirby Kiblinski, a Smith Barney officer in Atlanta. Mr. Kiblinski, in turn, reported to Citi's management and, ultimately, to Vikrim Pandit, Citi's CEO in New York.

9. Pursuant to the terms of his employment with Smith Barney, a large portion of Odom's compensation was fee based. Smith Barney maintained a system whereby employees were paid a

specified percentage of the fees they generated, i.e., a commission.

10. In or around 2008, Smith Barney began paying employees their commissions in arrears. This meant that, for example, Odom received the compensation he earned during the first quarter of the year (January through March) as part of his June paycheck.

11. On May 4, 2009, Odom resigned from Morgan Stanley after being threatened with termination for objecting to and refusing to comply with company actions he believed to in violation of the federal securities laws.

12. On information and belief, Morgan Stanley received fees from Mr. Odom's clients during the first and second quarters of 2009 regarding which Mr. Odom was entitled to commissions. However, due to the policy of paying commissions in arrears, these commissions had not been paid to Odom as of his resignation on May 4, 2009.

13. On information and belief, Smith Barney failed to pay Odom over $20,000.00 in commissions earned prior to his resignation on May 4, 2009.

14. On May 28, 2008, Odom purchased foreign currency (Icelandic Koruna) at a price of $9,999.99, through his account with Citi.

15. Subsequent to his separation from Smith Barney, Odom demanded access to the foreign currency so that he could obtain possession.

16.  Odom has retained undersigned counsel to represent him in this matter and agreed to pay a reasonable attorneys' fee.

## Count I:
## Action for Wages

17.  This is a claim by Odom against Smith Barney for unpaid wages.

18.  Odom restates and incorporates by reference paragraphs 1-16 as if fully set forth herein.

19.  Smith Barney wrongfully deprived Odom of wages (in the form of commissions) which he earned and to which he is lawfully entitled.

20.  Odom has been damaged as a result of Smith Barney's failure to pay wages to which Odom is entitled.

FOR RELIEF, plaintiff Wesley Odom respectfully requests the Court to enter judgment against Smith Barney, granting relief including, but not limited to:

A.  an award of compensatory damages in an amount to be proven at trial for all losses caused by defendant's misconduct;

B.  pursuant to Section 448.08, Fla. Stat., an award of the attorneys' fees and costs incurred in prosecuting this claim; and

C.  such other relief as the Court deems just and equitable.

## Count II:
## Conversion

21.  This is a claim for conversion against Citi.

22.  Odom restates and incorporates by reference paragraphs 1-16 as if fully set forth herein.

4

23. Citi has refused and/or is unable to provide Odom with access to or possession of the foreign currency he owns.

24. Since at least May 4, 2009, Odom has been wrongfully deprived by Citi of dominion and control over the foreign currency he owns, and also has been deprived of the benefits of said dominion and control, including but not limited to the ability to earn interest on the value of the currency.

FOR RELIEF, plaintiff Wesley Odom respectfully requests the Court to enter judgment against Smith Barney, granting relief including, but not limited to:

A.  an award of compensatory damages in an amount to be proven at trial for all losses caused by defendant's misconduct;

B.  an award of the reasonable costs incurred in prosecuting this claim; and

C.  such other relief as the Court deems just and equitable.

## Jury Demand

Plaintiff hereby demands trial by jury of all issues so triable.

5

        Respectfully submitted,

        AUSLEY & McMULLEN, P.A.

        /s/Martin B. Sipple_____
          Robert N. Clarke, Jr.
          Fla. Bar No. 0592900
          Martin B. Sipple
          Fla. Bar No. 0135399
          123 South Calhoun Street
          P.O. Box 391 (zip 32302)
          Tallahassee, Florida 32301
          (850) 224-9115 – telephone
          (850) 222-7560 – facsimile

        and

        KIEVIT, ODOM & BARLOW
          Bradley S. Odom
          Fla. Bar No. 932868
          635 West Garden Street
          Pensacola, Florida 32502
          (850) 434-3527 – telephone

        Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

     The undersigned certifies that a true and correct copy of the foregoing was served via the Court's ECF system the 28th day of July, 2011, to:

Elizabeth L. Bevington
Holland & Knight LLP
315 South Calhoun Street
Suite 600
Tallahassee, Florida 32301

        /s/Martin B. Sipple_____
        Attorney